## ROSSNER v. ARGÜESO.

### APPEAL frm the District Court of Humacao.

No. 60.—Decided March 30, 1905.

OBLIGATIONS—NOVATION.—The fact that a creditor agreed to suspend or postpone the payment of his credit until the debtor should comply with certain conditions with respect to other credits does not imply a novation or modification of the principal obligation, which was merely not enforcible so long as the debtor should comply with the condition agreed upon, and on his failure so to comply the debtor was in a position to demand the payment of his credit.

ID.—EXTINGUISHMENT OF OBLIGATIONS.—According to the provisions of section 1124 of the Civil Code novations constitute one of the methods of extinguishing obligations.

ID.—The fact that the fulfillment of an obligation shall have been postponed by the consent of one of the parties until the debtor should comply with certain

conditions does not imply that the fulfillment of such obligation depends upon a future or uncertain event, for the purposes of section 1080 of the Civil Code.

The facts are stated in the opinion.

*Mr. López Landrón,* for appellant.

*Mr. Vías Ochoteco,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 11, 1902, Manuel Argüeso Flores signed three notes drawn in favor and to the order of María Rossner, widow of Dufaut, for $500 each, with interest at the rate of 1 per cent per month from the date indicated, to mature on the last day of the months of March, May and July of the following year, and on August 11, 1902, he signed three more notes for $200 each, without interest, falling due on November 30 and December 31, 1902, and on January 31, 1903.

With these documents, on August 19th of the year last mentioned, María Rossner, through her counsel Juan F. Vías Ochoteco, appeared before the Municipal Court of Yabucoa and prayed for an attachment upon so much of the property belonging to the debtor, Manuel Argüeso, as might be necessary to cover the amount of $2,340, representing the principal debt, with interest to that date, and $700 more for new interest and costs. Then she brought an action in the District Court of Humacao, in which she alleged that Argüeso owed her the sum of $2,340, which debt was past due. She established the existence of this debt by means of the private documents mentioned, and cited in support of her complaint sections 1068, 1124, 1223, 1245, 1075 and 1076 of the Civil Code in force, and General Order No. 118, series of 1899, concluding her complaint with the prayer that the defendant should be adjudged to pay to the plaintiff the $2,340 claimed as principal and interest due, the interest agreed on to become due thereafter, the legal interest claimed in accordance with the law, and the costs of the litigation.

Rafael López Landrón, attorney-at-law, on behalf of Manuel Argüeso Flores, contested the complaint on the ground that the notes which constitute the subject matter of the claim became subject to a contract subsequent to March 30, 1903, in which the creditor María Rossner herself extended the settlement thereof by common agreement with the debtor, the payment of the debt becoming subordinated to the fulfillment of other obligations set forth in said contract, but not without it being implicitly stated that the debtor had made payments on account of other debts claimed. He cited in support of his claims sections 1124, subdivision 1 of section 1171, and section 1030 of the Civil Code; and alleging a novation by way of dilatory exception and failure to state a cause of action he prayed for the dismissal of the complaint with all costs against the plaintiff.

The contract invoked by the defendant in support of his exception to the complaint appears in the letter which reads as follows:

"Humacao, March 30, 1903. Mrs. María Rossner, widow of Dufaut, City.—My dear friend: I hereby confirm our interview of this date, as well as our agreement, and I state below the details of our account to the present date: Amount of the mortgage which I promised to constitute, $4,000. Interest, 12 months to April 10th next, 1 per cent, $480. Four notes signed by me in your favor for $500 each, $2,000. Interest on the foregoing sum to the same date, $240. Transfer in favor of A. Rossner, $2,000. Interest, 12 months, $240. 3 notes for $200 each, $600. Interest thereon to April 10th next, $48. Amount of principal, $8,600. Amount of interest, $1,008. This interest we agree to dispose of in the following form: Cash, to-day, $108; cash during the week between April 6th and 10th next, $500; eight weekly payments which I will begin to send to you Saturday next, April 4th, at the rate of $50 per week, $400; total interest, $1,008. For the arrangement of the mortgage which I have agreed to execute in your

favor, it is agreed between us to wait until the month of May, when I am to cancel a mortgage which I have executed in favor of De Ford & Co., and upon doing so, I will transfer to you the same mortgage, in accordance with our agreements of July 3, 1901, and April 11, 1902, for the sum of $3,000; it being distinctly understood that I have the right and it is your duty to permit me to pay this sum in cash, if it should be possible for me to do so, and with regard to the other documents in your favor, as well as the remaining $1,000 of the mortgage, we will leave them pending until I shall fulfill the obligations which I hereby assume, and which debts will be settled in accordance with the terms on which we may agree. Consequently it is understood by us that hereafter I am to have an understanding with Augusto Rossner with regard to the liquidation of the $2,000, and that you, in the most formal manner, revoke and avoid the order of suspension of the payment of this donation of which you notified me, during the past year, 1902, through Notary Herminio Díaz Navarro. These are the conditions agreed on between us and which we accept, and I remain, Madam, your obedient servant, M. Argüeso. I agree to the terms of this letter and place my signature thereon as an evidence of our agreement.—María Rossner, widow of Dufaut.''

The Humacao court in view of the agreement of the parties on the facts and the documents, rendered judgment on August 16th of last year, the adjudging portion whereof provides as follows:

''Therefore, by virtue of the law and the facts it is ordered and decreed that María Rossner, widow of Dufaut, collect from the defendant, Manuel Argüeso, the sum of $2,100, with interest from April 10, 1904, to the date of the liquidation of the debt which he is adjudged to pay as principal, with the costs of the proceedings against the defendant.''

Counsel for Manuel Argüeso took an appeal from this

judgment and in his brief filed in this Supreme Court he stated the following legal grounds in support of his appeal:

"1. Paragraph 1 and subdivision 1 of section 1171 of the new Civil Code. 'Obligations may be modified: 1. By the change of their object or principal conditions.' There is no doubt that the private agreement subsequent to March 30, 1903, changes the principal conditions of the obligations referred to in the notes sued on.

"Section 1172 of the same Code. 'In order that an obligation may be extinguished by another which substitutes it, it is necessary that it should be expressly so declared, or that the old and new be incompatible in all points.' This is what occurs in the present case: That the two modes of payment of both documents are incompatible. They cannot be simultaneous.

"3. Section 1080 of the same Code. 'Every obligation, the fulfillment of which should not depend upon a future or uncertain event or upon a past event, unknown to the parties in interest, shall be immediately demandable.' This is also the case: That an obligation subject to a condition which did not occur."

As may be seen from what has been stated, the District Court of Humacao only adjudged Manuel Argüeso to pay the amount of the six notes the subject matter of the complaint, amounting to the sum of $2,100, also adjudging Argüeso to pay the interest on said sum from April 10, 1904, without the plaintiff having made the slightest objection either verbally or in writing against said judgment either with regard to the principal or the interest to be paid.

The appellant does not allege that the notes referred to were independent of the documents which both plaintiff and defendant agreed to leave pending until the latter should comply with the obligations which he had assumed in the letter of March 30, 1903, after the fulfillment of which the debts

represented by said documents would be paid under the terms which both had agreed on.

Argüeso has not shown that he complied with the obligations assumed in said letter; and although it is true that the notes remained pending or in abeyance until Argüeso should have complied with said obligations, as such fulfillment did not take place within the time agreed on, it is clear that he has no right to demand that the payment of the documents should continue to be postponed or extended for an indefinite period.

Sections 1171 and 1172 of the Civil Code alleged in the brief to have been violated do not apply to the case, as the obligations contracted in the notes were not modified as to their object or principal conditions or substituted by others by the letter of March 30, 1903, but they ceased to be demandable or remained pending until Argüeso should, within a specific time, comply with the obligations which he assumed in said letter, it being in opposition to the text and the spirit thereof to maintain that the notes or obligations were substantially novated, because both parties stipulated that they remain pending and that the debts thereby represented would be settled in accordance with the terms which might be agreed on when Argüeso should have complied with the obligations which he had assumed.

We repeat that the novation suggested by the appellant does not exist, as a novation according to section 1124 of the Civil Code as a means of extinguishing obligations, and those contracted by Argüeso were neither extinguished nor substituted by others, but remained pending or suspended until Argüeso should have complied with others which he had assumed with respect to other credits.

Nor has section 1080 of the Civil Code been violated in the manner alleged by the appellant, because it is not a question of obligations the fulfillment of which is dependent on a future or uncertain event, but of real obligations which remained pending by favor of one of the parties until the other should

comply with obligations which he had assumed and which he did not fulfill within a specific time, thus making such suspension ineffective and placing the creditor at liberty to demand of the debtor compliance with such obligations.

For the reasons stated the judgment of August 16, 1904, appealed from should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Wolf did not sit with the court at the hearing of this case.